# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JOSHUA MARCINISZYN,       :     CIVIL ACTION NO. _____
                           :
     Plaintiff,                :
                           :
        v.                     :
                           :
PERKINELMER INC.,           :
ONESOURCE SCIENTIFIC SERVICES,   :
DAVID FRANCISCO,            :
ANDREW FOSTER,             :
LORENA LUPINACCI,          :
KAREN HARRINGTON, and      :
MONICA ROGERS,             :
                           :
     Defendants.             :     MARCH 23, 2018

## NOTICE OF REMOVAL[1]

TO:    THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

Defendants PerkinElmer Inc.,[2] David Francisco, Andrew Foster, Lorena Lupinacci,

Karen Harrington, and Monica Rogers (collectively "Defendants") hereby notice the removal of

this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, premised on federal question

jurisdiction, to the United States District Court for the District of Connecticut (the "Court"), and

as grounds therefore states:

## I.     TIMELINESS OF REMOVAL

1.      On March 5, 2018, Plaintiff Joshua Marciniszyn filed a civil action against

Defendants in the Superior Court of Connecticut, Judicial District of Waterbury at Waterbury,

---

[1] On the same day, Plaintiff filed both this case, Docket No. UWY-CV18-5021536-S, and a
similar case against the exact same Defendants, Docket No. UWY-CV18-5021535-S.
Defendants are seeking removal of both cases and intend to file a motion to consolidate the
cases.

[2] PerkinElmer Inc. is the only proper corporate defendant. OneSource Scientific Services is an
internal operating division within PerkinElmer Inc. and does not exist as a separate legal entity.

Docket No. UWY-CV18-5021536-S (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Complaint, and Return of Service are attached hereto as Exhibit A. These are the only process, pleadings, or orders known by Defendants to have been served in this action.

2.     The first notice Defendants received of the civil action occurred on or about February 26, 2018, when some of them were served with a copy of the Summons and Complaint referenced above.

3.     Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on Defendants.

II.     **VENUE**

4.     The Superior Court of Connecticut, Judicial District of Waterbury at Waterbury, is located within the geographic coverage of the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

III.     **BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION**

5.     This action is properly removable because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.     In his Complaint, Plaintiff alleges, *inter alia*, claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621. (*See* Compl., Count One). Plaintiff seeks compensatory damages, liquidated damages, and punitive damages pursuant to the Age Discrimination in Employment Act. (*See* Compl., Prayer for Relief.) This Court has

original jurisdiction of this civil action because the claim pursued in Plaintiff's Count One arises under the laws of the United States. 28 U.S.C. §§ 1331, 1441(a).

7.      In his Complaint, Plaintiff alleges, *inter alia*, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (*See* Compl., Counts Two, Three, Five, and Six). Plaintiff seeks compensatory damages and punitive damages pursuant to Title VII of the Civil Rights Act of 1964. (*See* Compl., Prayer for Relief.) This Court has original jurisdiction of this civil action because the claims pursued in Plaintiff's Counts Two, Three, Five, and Six arise under the laws of the United States. 28 U.S.C. §§ 1331, 1441(a).

8.      In his Complaint, Plaintiff alleges, *inter alia*, claims under the Americans with Disabilities Act, 42 U.S.C. § 12102(2). (*See* Compl., Counts Seven and Eight). Plaintiff seeks compensatory damages and punitive damages pursuant to the Americans with Disabilities Act. (*See* Compl., Prayer for Relief.) This Court has original jurisdiction of this civil action because the claims pursued in Plaintiff's Counts Seven and Eight arise under the laws of the United States. 28 U.S.C. §§ 1331, 1441(a).

9.      In his Complaint, Plaintiff alleges, *inter alia*, claims under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (*See* Compl., Count Nine). Plaintiff seeks compensatory damages and punitive damages pursuant to the Family and Medical Leave Ac. (*See* Compl., Prayer for Relief.) This Court has original jurisdiction of this civil action because the claim pursued in Plaintiff's Count Nine arises under the laws of the United States. 28 U.S.C. §§ 1331, 1441(a).

10.      Pursuant to 28 U.S.C. § 1441(c), any and all state law statutory and common law claims alleged by Plaintiff, including but not limited to any claims under C.G.S. §, C.G.S. § 46a-81a *et seq.* and C.G.S. §§ 46a-60 *et seq.* (*See* Compl., Counts Four, Ten, and

Eleven), may be removed to this Court in accordance with the Court's exercise of supplemental jurisdiction.

## IV.   **CONCLUSION**

11.   To date, Defendants have not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

12.   Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have been served upon counsel for all adverse parties and upon the Clerk of the State Court.

13.   By removing this matter, Defendants do not waive or intend to waive any defense that may be available to them.

WHEREFORE, Defendants respectfully request that this Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut to the United States District for the District of Connecticut.

DEFENDANTS,

By:/s/ Marc L. Zaken
Marc L. Zaken (CT03110)
marc.zaken@ogleetree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT  06901
Phone: 203.969.3100
Fax: 203.969.3150

Their Attorneys

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 23, 2018, a copy of the within and foregoing was served by first class U.S. mail to Plaintiff at the following address:

Joshua Marciniszyn
633 Willow Street
Waterbury, CT 06710

*s/*‾‾‾‾‾‾‾‾‾‾‾
Marc L. Zaken

33339985.1

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

Post Date: 03/05/2018
Payfile: 1806148-1

Amount: $720.00

List Total: 001  $720.00

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **300 Grand Street, Waterbury, CT 06702** | ( **203** ) **591-3300** | **March** 20 **18** |

| ☒ Judicial District | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case code type *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | | **Waterbury** | Major: **M90**   Minor: |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| **Joshua Marciniszyn 633 Willow Street, Waterbury, CT 06710** | |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( **203** ) **982-0050** | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes   ☒ No

Email address for delivery of papers under Section 10-13 *(if agreed to)*

| Number of Plaintiffs: **1** | Number of Defendants: **7** | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **Marciniszyn, Joshua** 633 Willow Street, Waterbury, CT 06710 <br> Address: | **P-01** |
| **Additional Plaintiff** | Name: <br> Address: | **P-02** |
| **First Defendant** | Name: **PerkinElmer Inc., aka dba PerkinElmer Health Sciences Inc.** <br> Address: **710 Bridgeport Avenue, Shelton, CT 06484** | **D-01** |
| **Additional Defendant** | Name: **OneSource Scientific Services, aka dba OneSource Laboratory Services** <br> Address: **710 Bridgeport Avenue, Shelton, CT 06484** | **D-02** |
| **Additional Defendant** | Name: **Francisco, David** <br> Address: **710 Bridgeport Avenue, Shelton, CT 06484** | **D-03** |
| **Additional Defendant** | Name: **Foster, Andrew** <br> Address: **710 Bridgeport Avenue, Shelton, CT 06484** | **D-04** |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☐ Commissioner of the Superior Court <br> ☒ Assistant Clerk | Name of Person Signing at Left <br> *Ann Marie Creppo* | Date signed <br> 02/22/2018 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date <br> 02/22/2018 | Docket Number <br> CV18502153 6 |
|---|---|---|---|

☒ Print Form          (Page 1 of 2)          ☒ Reset Form

RETURN DATE : MARCH 20, 2018  :  SUPERIOR COURT
            :
JOSHUA MARCINISZYN     :  AT WATERBURY
    Plaintiff     :
            :  JUDICIAL DISTRICT AT WATERBURY
V.            :
            :
PERKINELMER INC., aka dba PERKINELMER :
HEALTH SCIENCES, INC,    :
ONESOURCE SCIENTIFIC SERVICES, aka dba :
ONESOURCE LABORATORY SERVICES, :
ANDREW FOSTER, DAVID FRANCISCO , :
LORENA LUPINACCI, KAREN HARRINGTON ,:
and MONICA ROGERS     :
    Defendants   :  FEBRUARY 21, 2018

## COMPLAINT

Plaintiff, JOSHUA MARCINISZYN (hereinafter "Plaintiff" or "Marcinizyn") and files this Complaint

against the Defendants, PERKINELMER INC., aka dba PERKINELMER HEALTH SCIENCES INC.,

(hereinafter "Defendant" or "PerkinElmer"), Defendant ONESOURCE SCIENTIFIC SERVICES aka

dba ONESOURCE LABORATORY SERVICES, (hereinafter "Defendant" or "OneSource"),

Defendant  ANDREW FOSTER, ( hereinafter" Defendant" or "Foster"), DAVID FRANCISCO, (

hereinafter "Defendant" or "Francisco"), Defendant, LORENA LUPINACCI, (hereinafter

"Defendant" or "Lupinacci"), Defendant, KAREN HARRINGTON (hereinafter "Defendant" or

"Harrington"), Defendant MONICA ROGERS (hereinafter "Defendant" or "Rogers") (collectively,

"Defendants"), alleges as follows:

**NATURE OF CLAIMS**

1. This action seeks remedies for the unlawful discrimination the Plaintiff experienced

   while employed for the Defendants. This is an action for damages based on the

   following; (1)Discrimination Based on Age; (2)Discrimination Based on Religion; (3)

   Discrimination Based on Gender; (4) Sexual Harassment for Sexual Orientation  (5)

   Hostile Work Environment ;(6)Retaliation;

   (7)Violation of the Americans with Disability Act; (8) Failure to Accommodate in

   Violation of ADA; (9) Discrimination Regarding FMLA; ( 10)  Wrongful Termination; (11)

   Intentional Infliction of Emotional Distress.

**PARTIES**

2. The Plaintiff, **JOSHUA MARCINISZYN, is** a resident of the State of Connecticut who

   resides at 633 Willow Street, Waterbury, Connecticut 06710. The Plaintiff is 47 years of

   age.

3. The Defendant, **PERKINELMER INC., (aka dba PERKINELMER HEALTH SCIENCES, INC.)** is

   a registered corporation transacting business in the State of Connecticut with its

   principal place of business located at 710 Bridgeport Avenue, Town of Shelton

   Connecticut.

4. The Defendant, **ONESOURCE SCIENTIFIC SERVICES, aka dba ONESOURCE LABORATORY**

   **SERVICES** is a registered division of PerkinElmer Inc., transacting business in the State of

   Connecticut with its principal place of business located at 710 Bridgeport Avenue, Town

   of Shelton Connecticut.

2

5.  Defendant, **ANDREW FOSTER** is a resident of the State of Massachusetts, personally conducting business at the place of business for PerkinElmer located at 710 Bridgeport Avenue, Town of Shelton Connecticut and was part of the management of Defendant PerkinElmer, who acted in the capacity as the Corporation Vice President of Human Resources and is being sued individually.

6.  Defendant, **DAVID FRANCISCO** is a resident of the State of Massachusetts, personally conducting business at the place of business for PerkinElmer located at 710 Bridgeport Avenue, Town of Shelton Connecticut and was part of the management of Defendant PerkinElmer, who acted in the capacity as the Corporation Vice President of Finance and Treasurer, and is being sued individually.

7.  Defendant, **LORENA LUPINACCI**, is a resident of the State of Connecticut, personally conducting business at the place of business for PerkinElmer located at 710 Bridgeport Avenue, Town of Shelton Connecticut and was, as mentioned, Defendant PerkinElmer Senior of Human Resources Manager and is being sued individually.

8.  Defendant, **KAREN HARRINGTON** is a resident of the State of Connecticut, personally conducting business at the place of business for PerkinElmer located at 710 Bridgeport Avenue, Town of Shelton Connecticut and was, as mentioned, Defendant PerkinElmer Director of Transaction Processing and is being sued individually.

9.  Defendant, **MONICA ROGERS**, is a resident of the State of Connecticut, personally conducting business at the place of business for PerkinElmer located at 710 Bridgeport Avenue, Town of Shelton Connecticut and was, as mentioned, Defendant PerkinElmer

3

Manager of Credit and Collections and is being sued individually.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 USC § 1331 and §1343, and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367.

11. Plaintiff invokes the jurisdiction of the Connecticut Superior Courts Pursuant to C.G.S. §§46a-58 et seq., C.G.S. §§46a-60 et seq., C.G.S. §§46a-81c and claims intentional infliction of emotional distress and negligent infliction of emotional distress.

12. This is an action for violations of the Family Medical Leave Act, Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and Age Discrimination in Employment Act.

13. This complaint is filed also in accordance with the rules of Venue pursuant to C.G.S. §§51-342, §§51- 345, §§51- 348. This complaint is filed also in accordance with the rules of Jurisdiction pursuant to C.G.S. §§51-346. Jurisdiction and venue are proper in this Court because all of the allegations herein arose in Fairfield and New Haven Counties, Connecticut. The Plaintiff resides in New Haven County, Connecticut. The Defendants were and/or are residents of Fairfield and New Haven Counties, Connecticut or, are doing business in Fairfield and New Haven Counties, Connecticut and /or their principal place of business in Fairfield County, Connecticut, in each case, at all times relevant herein. The amount in controversy is within the jurisdiction of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. The Plaintiff on or about May 25, 2017 filed Charges of Discrimination with the

    Connecticut Commission on Human Rights and Opportunities (hereinafter "CHRO")

    under C.G.S. Sections §46a-60(a) (1); §46a-60(a) (4); §46a-81(c). The complaint was for

    age discrimination, mental disability, religious discrimination, and retaliation for

    opposing discriminatory employment practice, discrimination based on sexual

    orientation, hostile work environment and whistle blowing.

15. A Release of Jurisdiction was issued by CHRO on December 5, 2017. **(Exhibit A –**

    **Release of Jurisdiction)**

16. This Complaint is filed within two years of the filing of Plaintiff's complaint with the

    CHRO and within ninety (90) days from the date of said Release of Jurisdiction.

17. The Statute of limitation is tolled as a direct result of the continued and ongoing

    discrimination and harassment leading up to termination on November 17, 2016.

## BACKGROUND FACTS

18. On or about February 12, 2007, the Plaintiff was hired by the Defendant as a Credit

    Collection Analyst for its Shelton, Connecticut office.

19. The Plaintiff has over twenty years of experience in the Credit Collection having worked

    for various organizations in the credit and collection capacity.

20. At all relevant times hereinafter mentioned, the Defendant has global operations all

    around the world with over 100 employees in the United States Division.

21. The Plaintiffs' duties as a Credit and Collection Analyst for the Defendant consisted of direct customer contact, collecting payments due, financial reporting and accounting, customer accounting and reconciliation and auditing in the United States and for non-Latin American International customers.

22. The Plaintiff had the extensive expertise and a very high skill set for the Credit and Collection Analyst in the Defendant's United States Division for Collections. Plaintiff had ongoing roles, cross-departmental and divisions, role of advisor, researcher, resolution resolver, SAP, computer processer and trainer.

23. The Plaintiff was the all-around person that other employees would come to when faced with a problem. For example in the matter regarding Horsehead Corporation, Defendant Karen Harrington on February 9, 2016, with only a couple days remaining, asked the Plaintiff to "do something with this". The Plaintiff is not an attorney and the Defendant had no "template" to follow.  This was outside the Plaintiffs scope of job duties.  The Plaintiff, however, researched and then created a Reclamation Demand Notice Letter in order to protect the rights of the Defendant, PerkinElmer. If the matter was not done, and done immediately, the Defendant PerkinElmer would have lost their rights for a bankruptcy matter.  Horsehead Corporation with the Account Number 465421 had a great deal at stake for the amount of $238,414.25. **(See Exhibit B – Bankruptcy Reclamation)**

24. The Plaintiff would use his critical thinking skills and expertise to try and resolve the problem or try and reach an amicable solution for the Defendant and clients. Another

6

incident is when Defendant Monica Rogers had an issue with Molecular Wire on August

5, 2016 and needed a Notarized Affidavit that the Plaintiff helps to secure.

25. Initially when the Plaintiff first started, the Defendant recognized the Plaintiff for his

hard work and achievement along with the contribution made to the Defendants.

26. On or about March of 2009, the Plaintiff began the adoption process of a nine year old

boy.  On or about November 2010, the Plaintiff finalized the adoption of a severely

dysregulated, emotionally, intellectually challenged and developmentally delayed child.

The Plaintiff began FMLA (Family Medical Leave Act) CTFMLA (Connecticut Family

Medical Leave Act).  Initially FMLA was consecutive time.  Later, FMLA (CTFMLA),

changed to intermittent.

27.  During the time of 2007 to 2016, the Plaintiff received yearly merit increases.

28. The Plaintiff, to the Defendant, was very open regarding his sexual orientation. When

the Plaintiff added his domestic partner to his benefits this made the Defendant even

more aware.  In 2008, the Plaintiff married his partner of 18 years.  The Plaintiff changed

his name to his spouse's last name, in preparation of adoption, and the Defendant gave

him a hard time, initially refusing to do so. In the adoption of his son with his spouse,

reaffirmed his sexual orientation.

29. The Plaintiff took time off under FMLA (CTFMLA) because his son needed him to be with

him but the Defendant interpreted as an affirmation of the Plaintiff's sexual orientation.

30. The Defendant PerkinElmer did not have policy or procedure to properly administer

FMLA (CTFMLA). The lack of policy and procedure and tracking adversely affected the

Plaintiff.  The Defendant was constantly reaching back in time for failing to properly,

7

timely, appropriately and adequately deduct time off from pay. Human Resources, did not even have full access to all the systems required to administer and manage the FMLA (CTFMLA).

31. Human Resources stated on October 18, 2013, the last time FMLA was processed was September 20, 2013. October 4 and October 18 forms were not processed [timely]. An entire weeks pay was withheld due to the Defendants habitual failure to timely and appropriately process FMLA (CTFMLA) deductions from Plaintiffs pay. The Defendant apologized for the inconvenience. This is more than an inconvenience. This is half his pay, about $1,000.

32. The Plaintiff was born into a Jewish family and he continues to pursue his Jewish religion.

33. The Defendant allowed open, derogatory and discriminatory statements, in the form of jokes, to the made on the collection floor and other working areas regarding the Plaintiff's religion and sexual orientation.

34. The Plaintiff is over the age of forty, so many times his managers and some colleagues of the Defendant would discuss his age and the problems that they perceived he should face being older and with a disabled child.

35. The Defendant PerkinElmer continued to discriminate and harass the Plaintiff until they retaliated and terminated him.

8

## COUNT ONE

### DISCRIMINATION BASED ON AGE

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 above as its sets forth in full herein.

37. Upon information and belief, Defendant discriminated against Plaintiff on the basis of Plaintiff's age, in the terms and conditions of Plaintiff's employment, resulting in his wrongful termination.

38. Plaintiff was discriminated against because of his age of 46 by the Defendant which is a violation of the Age Discrimination in Employment Act, 29 U.S.C. A. § 621.

39. The Defendant treated the Plaintiff differently because of his age.

40. The Defendant showed favoritism to the Plaintiff's younger co-workers in terms of work assignments, performance reviews and yearly pay increases.

41. The Plaintiff had acknowledged to the Defendants in management some of his medical issues, yet he has been discriminated against in reference to taking time off for his medical needs by derogatory actions of the Defendants in reference to his age.

42. The Defendant would make comments to insult and humiliate the Plaintiff in reference to his age.

43. Plaintiff is consequently entitled to compensatory and liquated damages, together to with other authorized relief.

9

## COUNT TWO

### DISCRMINATION BASED ON RELIGION

44. Plaintiff repeats and realleges the allegation set forth in the paragraphs 1 to 43 above as it sets forth in full herein.

45. Upon information and belief, Defendant discriminated against Plaintiff on the basis of Plaintiff's religion, in terms and conditions of Plaintiff's employment, resulting in his wrongful termination.

46. Plaintiff was discriminated against because of his religion of being Jewish which is a violation of Title VII of the Civil Rights Act of 1964, 42 U.S. C. §§ 2000e by the Defendant.

47. Of the thirteen plus, temporary employees, the Plaintiff was the only Jewish person employed in the Department.

48. The Defendant with the Senior Management failed to offer employment opportunities to the Plaintiff despite his expertise in credit analysis and over 20 years of working in the credit and collection industry regarding corporate accounts and information technology because of his religion of being Jewish.

49. Plaintiff is entitled to compensatory and liquated damages, together to with other authorized relief.

10

## COUNT THREE

### DISCRIMINATION BASED ON GENDER

50. Plaintiff repeats and realleges the allegations set forth in the paragraphs 1 through 49 above as it is set forth in full herein.

51. At all relevant times, Plaintiff was an employee and Defendant, PerkinElmer was his employer within the meaning set forth in the Title VII of the Civil Rights Act of 1964, as amended, 483 U.S.C. 2000e, et seq.

52. Plaintiff is a member of a protect class, he is male.

53. At all times, Plaintiff performed his job duties in a manner that was satisfactory or better.

54. Defendant, PerkinElmer's, treatment of Plaintiff, as described above, was based, at least in part on the unlawful consideration of his sex/gender.

55. Defendant, PerkinElmer, its agents, representatives and employees, including Defendant, PerkinElmer were predisposed to discriminate on the basis of sex/gender and act in accordance with that predisposition.

56. Defendant, PerkinElmer, its agents, representatives and employees, including Defendant, treated similarly situated male employees more favorably than Plaintiff, in terms of conditions, opportunities and/or benefits of employment.  The Defendant, PerkinElmer created a hostile and degrading environment based, at least in part on his gender.

57. Recently in *Hively v. Ivy Tech Community College of Indiana,* 853 F. 3d 339 (Seventh Circuit, 2017), the Court ruled that workplace discrimination based on sexual orientation

11

violates Title VII.  Defendant PerkinElmer, its agent, representative and employees violated Title VII because they engaged in workplace discrimination by   creating a hostile and degrading environment based on the Plaintiff's sexual orientation.

58. The actions of the Defendant and its agent were willful, intentional, and a deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

59. As a direct and proximate results of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earnings capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

## COUNT FOUR

### SEXUAL HARRASSMENT OF JOSHUA MARICNIYN

60. Plaintiff repeats and realleges the allegation set forth in the paragraphs 1 through 59 above as it set forth if full therein.

61.  Plaintiff was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during his employment with Defendant PerkinElmer which was perpetrated upon him by Karen Harrington and Monica Rogers.  The Defendant's conduct was based upon and directed at Plaintiff because of his sexual orientation and gender.

12

62. The Plaintiff notified the Defendant PerkinElmer which was otherwise aware of the sexually harassing and discriminatory conduct, but the Defendant PerkinElmer failed to take any appropriate corrective action.

63. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance-(making it difficult to achieve his satisfactory performance) and so to create an intimidating, hostile and offensive working environment.

64. During the times referenced herein, Plaintiff was subjected to the sexually provocative manner of dress of his managers.  It was intentionally flaunted and exaggerated in front of the Plaintiff.

65. Further, the Plaintiff was subjected to the extra marital affair of Defendant, Rogers with a man from another department, whom the Plaintiff had required, mandatory business, and professional, interactions with.

66. Plaintiff was often required to assist the Defendant, Rogers, in her personal and legal matters.  The Plaintiff did so, for fear of reprisal.

67. The Plaintiff was subjected to Defendant, Harrington's office romance between her and a subordinate within the department.  The Plaintiff was required to assist Defendant, Harrington's lover in personal matters.  The Plaintiff did so, for fear of reprisal.

68. The Plaintiff was subjected to perform personal tasks for Defendant, Harrington and her family.

69. There were no corrective action ever taken by the Defendant, PerkinElmer for such rude, discriminatory, disrespectful, degrading, and derogatory comments and actions.

13

70. The Defendant PerkinElmer allowed multiple comments and harassment which ruined the reputation and credibility of the Plaintiff, and created an atmosphere of hostility which severely damaged his reputation in the eyes of her co-workers and managers.

71. Plaintiff was a victim of retaliatory conduct of the part of the Defendant PerkinElmer. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's right. During the course of his employment, Plaintiff was forced to work in a sexual discriminatory and hostile environment. The Defendant PerkinElmer was put on notice of the sexually suggestive nature of its employee and failed to take immediate corrective action, all to the Plaintiff's detriment.

72. The Defendant PerkinElmer was aware of the hostile work environment and acquiesced in the environment. Yet, no official action was taken to change the atmosphere of the Defendant's and all of the parties involved.

73. As a direct and proximate result of the harassing and hostile environment of the Defendant PerkinElmer, the Plaintiff suffered great embarrassment, humiliation and mental and physical anguish.

## COUNT FIVE

### HOSTILE WORK ENVIRONMENT

74. Plaintiff repeats and realleges the allegation set forth in the paragraphs 1 through 73 above as it set forth in full therein.

75. On a consistent basis during the Plaintiff's employment, the Defendant subjected the Plaintiff to sexual harassment by Defendant Harrington and Defendant Rogers.

14

76. Plaintiff was obligated to work in an atmosphere that was hostile by virtue of unsolicited and unwelcome sexual advance, derogatory comments, sex based comments, sexual innuendo and other sexually charged conduct.

77. The sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a working environment that was intimidating, insulting and abusive to employees.

78. Because of its failure to take prompt and remedial action, and its deliberate indifference to sexually hostile conduct, Defendant PerkinElmer has intentionally engaged in unlawful employment practices in violation of Title VII.

79. The effect of the conduct of the Defendant PerkinElmer complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of sex.

80. As a direct and proximate result of Defendants violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

## COUNT SIX

## RETALIATION

81. Plaintiff repeats and realleges the allegations set forth in the paragraphs 1 through 80 above as it set forth in full therein.

82. As herein alleged, the Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly subjecting him to unjust scrutiny, false allegations of misconduct and unwelcome and derisive comments solely

because he has reported the aforementioned  age, gender, sexual orientation and religious discrimination by the Defendant.  The Defendants did not have any legitimate reasons for such acts.  Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964.

83. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated in this complaint, the Defendant may have engaged in other discriminatory practices against him which are not yet fully know.  At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

84. As a direct and proximate results of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff.  Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

85. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conducts as described above as willful, wanton, malicious, and done in a reckless disregard for the safety and well-being of the Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendant in a sum according to proof at trial.

## COUNT SEVEN

### VIOLATION OF THE AMERICAN WITH DISABLITY ACT

86. Plaintiff repeats and realleges the allegations set forth in the paragraphs 1 thought 85 above as it set forth in full herein.

87. At all times material hereto, Plaintiff was an employee and Defendant his employer covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 48 U.S.C. 12111(5)(a).

88. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 U.S.C. 12102(2).

89. Plaintiff is a qualified individual with a disability as the term defined in the ADA, 42 U.S.C. 12111(8).

90. Plaintiff's medical, psychological / mental health condition is recorded that he has a treatable impairment that substantially limits one or more major life activities.

91. Defendant PerkinElmer was aware of the Plaintiff's disability, injury, condition, disorder.

92. The Plaintiff was on approved STD (Short Term Disability), for this same disability, approved leave from November 20, 2013 and returning to work on February 1, 2014 with a special accommodation, allowing him up from his desk more frequently.

93. Defendant PerkinElmer regarded Plaintiff's disability, injury, condition, disorder as a physical impairment that substantially limited one or more major life activities.

94. Plaintiff's disability, and/or record of disability, and/or perceived disability were a factor that makes a difference in the Defendant's decision to harass, discriminate and then terminate his employment.

17

95. Defendant PerkinElmer was predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

96. The actions of Defendants were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

97. As direct and proximate results of Defendants' violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privilege of employment were adversely affected.

98. As a direct and proximate results of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress, humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasure of everyday life, including the right to pursue the gainful employment of his choice.

## COUNT EIGHT

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE

### AMERICANS WITH DISABILITIES ACT ("ADA")

99. Plaintiff repeats and realleges the allegation set forth in the paragraphs 1 through 98 above as it is set forth in full herein.

100.       Plaintiff has a known history of treatable medical, psychological / mental health problem(s).

101.     Plaintiff's medical condition substantially limited one or more of his major life activities without reasonable accommodations, as evidenced, by prior STD approval(s).

102.     Defendant perceived that Plaintiff's medical condition limited one or more of his major life activities and regarded him as having a disability provided him with reasonable accommodation from August 31, 2015 until October 21, 2015 when the Defendant then refused to provide him reasonable accommodation even though to do so would not impose an undue hardship.

103.     At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

104.     Defendant refused to accommodate Plaintiff, and did not engage in, and even REFUSED to engage in, the interactive process, in violation of their own set policy, to determine if an accommodation was warranted, when DIRECTLY queried by the Plaintiff and prompted to do so by the Plaintiff. **(Exhibit C – ADA Request for engagement of the interactive process, carbon copying Corporation Counsel)**

105.     The Defendant revised their "PerkinElmer Disability Accommodation Policy" on November 1, 2014. Cited copied to the Human Resources and Legal Department Corporation Counsel. **(Exhibit D – PerkinElmer Revised Disability Accommodation Policy)**

106.     The Plaintiff filed a complaint with the US Dept. of Labor, listing numerous violations, including harassment and discrimination. **(Exhibit E – Filed DOL Complaint)**

107.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has

suffered emotional pain and suffering, inconvenience, mental anguish, loss of

enjoyment of life and other past and future pecuniary and non-pecuniary losses.

108.     Defendant, therefore, violated the ADA and is thus liable for the damages

resulting from this violation.

109.     Defendant failed to comply with and did violate, EEOC, "Enforcement Guidance:

Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities

Act."

110.     Accordingly, Plaintiff seeks compensatory and punitive damages pursuant to 42

U.S.C. §12117 and 42 U.S.C. §1981 (a) and EEOC.

### COUNT NINE

### DISCRMINATION BASED ON FMLA (CTFMLA)

111.     Plaintiff repeats and realleges the allegation set forth in paragraphs 1 through

110 above as it set forth in full herein.

112.     Defendants are employers covered by the Family and Medical Leave Act

pursuant to 29 U.S. C 2601 et seq. and/or Connecticut Family and Medical Leave Act

pursuant to C.G.S. §§31-51kk through §§31-51qq.

113.     In May 2009, the Plaintiff was entitled to take leave under the Family and

Medical Leave Act pursuant to 29 CFR 825.114 and/or pursuant to C.G.S. §§31-51kk

through §§31-51qq.

20

114.    Defendant engaged in prohibited conduct under the FMLA and/or CTFMLA by

interfering with, restraining or denying Plaintiff's rights provided under the Act.

115.    Defendants' action foreclosed Plaintiff rights under FMLA, and/or CTFMLA

including but not limited to the right to be returned to his position and the right to be

free from threats and harassment for exercising his rights under the law.

116.    Defendant's actions were intentional with deliberate disregard for the rights and

sensibilities of the Plaintiff.

117.    The Defendants harassed the Plaintiff in many ways. In this example cited here,

the Defendant met with the Plaintiff to threaten disciplinary action, up to and including

termination if he did not agree with everything management ordered of him, preventing

the Plaintiff from asserting his rights.

118.    Defendant's were well aware of the Plaintiff's level of discomfort in the

workplace. Defendant, Lupinacci stated, "I understand at this point in time you are not

comfortable."

119.    The Plaintiff stated directly, "I am being singled out and harassed.  PerkinElmer

continues to make this an unfriendly work environment for me." **(See Exhibit F, page 1,**

**Email)** The Plaintiff also stated, (in this one example), "This withholding information,

restricted process to the benefit solely PerkinElmer's interest, retaliation against me and

denial of my ability to discuss this matter, is why I have stated that I am being singled

out and I am being harassed."

21

120.    The Defendant's supported Human Resources, Defendant, Lupinacci's reply, "I am sorry you feel this way and that you are not happy in the environment." "The written warning remains as is, in your file....." **(See Exhibit F, page 1, Email)**

121.    Over a month later, that same written warning was "Expunged" from Plaintiffs file. **(See Exhibit G, Email).** The Plaintiff had never before received a written warning. After the ambush meeting of August 26, 2015, warnings and threats were constant.

122.    The Defendant failed to investigate or even address Plaintiffs claims of harassment and discrimination.  Defendant's were simply either dismissive or apologetic to how Plaintiff felt but took no action to cease the harassment and discrimination because they were the ones charged with doing so, but were a party to the harassment and discrimination.

123.    As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress, humiliation and embarrassment, loss of professional reputation, and loss of ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

### COUNT TEN

### WRONGFUL TERMINATION

124.    The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 123 above as it set forth in full herein.

22

125.     At all times during his employment with the Defendant PerkinElmer, the Plaintiff

performed his duties with the utmost diligence and competence.

126.     Plaintiff is informed and believes and thereon alleges that Defendants' decision

to harass and discriminate against him, as alleged herein, was motivated in part, by

Plaintiff's gender, sexual orientation, disability.  Plaintiff is further informed and believes

and thereon alleges that any other reasons proffered by Defendant were and are

perpetual in nature.   Defendant intentionally created the aforementioned

discrimination, harassment, and retaliation, thereby creating intolerable working

conditions for the Plaintiff.

127.     By reason of the aforementioned conduct and circumstances, Defendant and

each of them, violated the fundamental public policies of the State of Connecticut as set

forth in Connecticut Fair Employment Practice Act , Conn. Gen. Stat. §46a-60 et seq. &

§46a-81a et seq. which mandate that employees be free from unlawful discrimination,

harassment and retaliation. As a further result of the aforesaid conduct of Defendant,

and each of them, Plaintiff has been directly and legally caused to suffer the harm and

damages alleged therein.

128.     Plaintiff is informed and believes and thereon alleges that Defendants, and each

of them, committed the acts herein maliciously, fraudulently, and oppressively, with the

wrongful intention of injuring Plaintiff and acted with an improper and evil motive

amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts

taken towards Plaintiff were carried out by managerial employees acting in a despicable,

deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff.

129.     Plaintiff is entitled to recover punitive damages from the individual Defendants in an amount according to proof.

## COUNT ELEVEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130.     The Plaintiff repeats and realleges the allegation set forth in paragraphs 1 through 129 above as it set forth in full herein.

131.     Defendant has caused the intentional infliction of emotional distress to the Plaintiff.

132.     In perpetuating the discrimination and retaliation against the Defendant and other offensive conduct described herein, the Defendant abused the special positions they held in relation to the Plaintiff.

133.     The Plaintiff was able to and did perform the essential functions of his position. The Plaintiff believes and alleges that the Defendant intended to and did cause the Plaintiff to suffer from emotional distress because he was discriminated against.

134.     As results of these acts, the Plaintiff suffered from stress and anxiety which negatively impacted his physical and emotional condition.

135.     Through the Defendant, and each of their outrageous and unprivileged conduct as described herein and above, acted with the intent to cause, or with a reckless disregard for the probability of causing the Plaintiff to suffer humiliation, isolation, mental anguish, loss of job opportunities and reputation, and severe physical and emotional distress.

24

136.     To the extent that the Defendant perpetrated retaliatory conduct, the Defendant authorized and ratified the conduct with knowledge that the Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the deleterious consequences.

137.     The Defendant actions influenced, persuaded, and encouraged discriminatory, offensive and retaliatory actions against the Plaintiff which caused him emotional distress.

138.     As a direct and proximate results of the conduct of the Defendant and each of their acts, the Plaintiff suffered and continues to suffer general, compensatory, and special damages including lost wages and benefits, future loss of wages and benefits, loss of career opportunities, prejudgment interest, consequential and incidental damages, plus tort damages including humiliation, isolation, emotional distress an physical injuries in an amount unknown, but according to proof at trial.

139.     Based on the Defendant course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard of the Plaintiff's rights and safety, the Plaintiff seeks an award of punitive and exemplary damages in an amount according to the proof at trial to punish the Defendant, and to deter similar conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully request that this Court GRANT judgment as follows:

1.  Reinstatement of his job, with reinstatement of his full benefits and back pay.

2. General damages for mental and emotional suffering caused by Defendants misconduct.

3. Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

4. Special damages and/or liquated damages for lost wages and benefits and prejudgment interest thereon;

5. Trial by jury to all issues;

6. Prejudgment interest at the rate allowed by law:

7. All other relief to which he may be entitled.

Respectfully submitted the 21st day of February 2018

Joshua Marciniszyn
Pro Se Plaintiff
633 Willow Street
Waterbury, Connecticut 06710

26

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**Marciniszyn, Joshua**

First named Defendant *(Last, First, Middle Initial)*
**PerkinElmer Inc.**

## Additional Plaintiffs

| Name  *(Last, First, Middle Initial, if individual)* | Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name  *(Last, First, Middle Initial, if individual)* | Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| Lupinacci, Lorena 710 Bridgeport Avenue, Shelton, CT 06484 | | 05 |
| Harrington, Karen 710 Bridgeport Avenue, Shelton, CT 06484 | | 06 |
| Rogers, Monica 710 Bridgeport Avenue, Shelton, CT 06484 | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |
| | | 14 |

*FOR COURT USE ONLY - File Date*

Docket number

**CIVIL SUMMONS-Continuation**

Print Form          Reset Form

Bill Fry
State Marshal
PO Box 765
Monroe, CT 06468
(203) 816-2216

## RETURN OF SERVICE

STATE OF CONNECTICUT

               SS: SHELTON

COUNTY OF FAIRFIELD

IN THE MATTER CONCERNING:

MARCINISZYN, JOSHUA
VS.
PERKINELMER INC. A/K/A PERKINELMER HEALTH SCIENCES INC ., ONESOURCE SCIENTIFIC
SERVICES, A/K/A ONESOURCE LABORATORY SERVICES, FARNCISCO , DAVID; FOSTER, ANDREW,
LUPINACCI, LORENA; HARINGTON, KAREN; ROGERS, MONICA

DATE: 02/26/18

Then and there, by virtue hereof and at the direction of the plaintiff, I made service of the within and foregoing
original Writ, Summons, Complaint and Amount in Demand by leaving a True and Attest Copy
with and in the hands of  NICHOLAS DELLOLIO JR. , Director of facilities for Perkin Elmer  authorized to
accept service for defndant, ONESOURCE SCIENTIFIC SERVICE A/K/ A ONESOURCE LABORATORY
SERVICES at 710 BRIDGEPORT AVENUE, SHELTON, CT 06484,  with my doings hereon endorsed.

Then and there on 02/28/18 by virtue hereof and at the direction of the plaintiff, I made service of the within
and foregoing original Writ, Summons, Complaint and Amount in Demand by leaving a True and Attest Copy
with and in the hands of  defendant, LORINA LUPINACCI at 710  BRIDGEPORT AVENUE, SHELTON, CT
06484, with my doings hereon endorsed.

Then and there on 02/28/18 by virtue hereof and at the direction of the plaintiff, I made service of the within
and foregoing original Writ, Summons, Complaint and Amount in Demand by leaving a True and Attest Copy
with and in the hands of  defendant, KAREN HARRINGTON at 710  BRIDGEPORT AVENUE, SHELTON,
CT 06484, with my doings hereon endorsed.

Then and there on 02/28/18 by virtue hereof and at the direction of the plaintiff, I made service of the within
and foregoing original Writ, Summons, Complaint and Amount in Demand by leaving a True and Attest Copy
with and in the hands of  defendant, MONICA ROGERS at 710  BRIDGEPORT AVENUE, SHELTON, CT
06484, with my doings hereon endorsed.

Then and there on 02/28/18 by virtue hereof and at the direction of the plaintiff, I made service of the within
and foregoing original Writ, Summons, Complaint and Amount in Demand by leaving a True and Attest Copy
with CONNECTICUT SECRETARY OF STATE agent for defendant, ANDREW  T. FOSTER pursuant CGS

52-59b at 30 TRINITY STREET HARTFORD, CT 06106, with my doings hereon endorsed

Then and there on 02/28/18 by virtue hereof and at the direction of the plaintiff, I made service of the within and foregoing original Writ, Summons, Complaint and Amount in Demand by leaving a True and Attest Copy with CONNECTICUT SECRETARY OF STATE agent for defendant, DAVID C FRANCISCO pursuant CGS 52-59b at 30 TRINITY STREET HARTFORD, CT 06106, with my doings hereon endorsed

Then and there on 02/28/18 by virtue hereof and at the direction of the plaintiff, I made service of the within and foregoing original Writ, Summons, Complaint and Amount in Demand by leaving a True and Attest Copy with CT CORPORATION, agent for service for the within named defendant, PERKINELMER INC. A/K/A dba PERKINELMER HEALTH SCIENCES INC. at 67 BURNSIDE AVENUE, EAST HARTFORD CT ,with my doings hereon endorsed.

Then and there on 02/28/18 and by virtue hereof and at the direction of the plaintiff, I made due and legal service of the within named defendant, ANDREW T. FOSTERby depositing at the post office via certified mail, postage paid, return receipt requested and bearing receipt number, 7016 2710 0000 0077 0181 a true and attest copy of the within and foregoing original Writ, Summons, Complaint and Amount In Demand addressed to the within named defendant, ANDREW T. FOSTER at 39 ELMWOOD STREET, SOMERVILLE, MA. 02144 with my doings hereon endorsed.

Then and there on 02/28/18 and by virtue hereof and at the direction of the plaintiff, I made due and legal service of the within named defendant, DAVID C. FRANCISCO, by depositing at the post office via certified mail, postage paid, return receipt requested and bearing receipt number, 7016 2710 0000 0077 0174 a true and attest copy of the within and foregoing original Writ, Summons, Complaint and Amount In Demand addressed to the within named defendant, DAVID C. FRANCISCO at 214 NEWTOWN ROAD, ACTON, MA. 01720 with my doings hereon endorsed.

Attest _____
W. Fry State Marshal

| | |
|---|---|
| Service | $ 300.00 |
| Filing Fee | $ 100.00 |
| Certified Mail | $ 16.50 |
| Travel | $ 00.00 |
| Pages | $ 252.00 |
| Endorsements | $ .6.80 |
| | $ 675.30 |